IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PATRICK CAVANAUGH, etc.,                )
                                        )
                    Plaintiff,          )
                                        )
      v.                                )    No. 09 C 5206
                                        )
PFR, LLC, etc., et al.,                 )
                                        )
                    Defendants.         )

## MEMORANDUM ORDER

Patrick Cavanaugh, not individually but solely as assignee for the benefit of creditors of Giftco, Inc. ("Cavanaugh") has filed this action against PFR, LLC d/b/a Prestige Fund Raisers ("PFR") and Jim Powell ("Powell"), invoking federal jurisdiction on diversity of citizenship grounds. Because that effort is impermissibly flawed, so that Cavanaugh has failed to carry his burden of establishing subject matter jurisdiction here, this sua sponte memorandum order dismisses both the Complaint and this action on jurisdictional grounds--but with the understanding that the present flaw can likely be cured and the action can then be reinstated.

Complaint ¶1 properly identifies the jurisdictional facts as to Cavanaugh himself, and Complaint ¶3 does the same as to Powell. But as to PFR, Complaint ¶3 ignores its limited liability company status, referring to it simply as "a Georgia corporation" and speaking of the other jurisdictionally irrelevant factor of the location of its principal place of

business.

That last set of allegations ignores more than 10 years of repeated teaching from our Court of Appeals (see, e.g., Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998) and a whole battery of cases since then, exemplified by Thomas v. Guardsmark, LLC, 487 F.3d 531, 533-34 (7th Cir. 2007)). And that teaching has of course been echoed many times over by this Court and its colleagues.

Until quite recently this Court was content simply to identify such failures to the lawyers representing plaintiffs in pursuance of its mandated obligation to "police subject matter jurisdiction sua sponte" (Wernsing v. Thompson, 423 F.3d 732, 743 (7th Cir. 2005)). But there is really no excuse for counsel's lack of knowledge of such a firmly established principle after more than a full decade's repetition by our Court of Appeals and others. Hence it seems entirely appropriate to impose a reasonable cost for such a failing.

Accordingly not only Cavanaugh's Complaint but this action are dismissed (cf. Held v. Held, 137 F.3d 998, 1000 (7th Cir. 1998)), with Cavanaugh and its counsel jointly obligated to pay a fine of $350 to the Clerk of this District Court if they hereafter file a timely and appropriate Fed. R. Civ. P. 59(e) motion that provides the requisite missing information that can

lead to the vacatur of this judgment of dismissal.[1]  Because this dismissal is attributable to Cavanaugh's lack of establishment of federal subject matter jurisdiction, by definition it is a dismissal without prejudice.

In that respect, however, it does seem quite likely that PFR's membership may not include any Illinois citizens, in which event the jurisdictional defect spoken of here would in fact prove readily curable.  In light of that possibility, this Court is contemporaneously issuing its customary initial scheduling order, an order that would of course be vacated if this action remains dismissed.

_____
Milton I. Shadur
Senior United States District Judge

Date:  August 27, 2009

---

[1]  That fine is equivalent to the cost of a second filing fee, because a new action would have to be brought if the defect identified here turns out to be curable.